UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF MICHIGAN REGIONAL
COUNCIL OF CARPENTERS'
EMPLOYEE BENEFITS FUND, ET AL.,

        Plaintiffs,

v.                                    Case No. 06-15542
                                    Honorable Patrick J. Duggan

FERMEZZA CONCRETE, INC. and
GRACE MARSHALL,

        Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFFS'**
**EX PARTE MOTION FOR ALTERNATE SERVICE**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on April 2, 2007.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

Plaintiffs filed this lawsuit against Defendants on December 14, 2006, seeking unpaid employee fringe benefit contributions.  Presently before the Court is Plaintiffs' second ex parte motion for alternate service pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure and Michigan Court Rules 2.105(I) and 2.106.  Specifically, due to their lack of success in locating Defendants, Plaintiffs ask the Court to allow service by publication in the Detroit Legal News pursuant to Michigan Court Rule 2.106(F)(1).  For the reasons set forth below, Plaintiffs' motion is granted.

1

In support of their motion, Plaintiffs state that "[s]ervice of process upon Defendants . . . cannot be reasonably made as otherwise shown by the accompanying Affidavit of Process Server and Change of Address or Boxholder Request Form (Exhibit 1)." According to a "Motion and Verification for Alternate Service" form completed by Plaintiffs' process server and signed on December 28, 2006, the process server tried to serve Defendants with the Summons and a copy of the Complaint at 3:15 p.m. on December 26, 2006, at an address on Starks Drive in Clinton Township, Michigan. *See* Pls.' Mot., Ex. 1. According to Plaintiffs, this is the last known address for Defendants. *See* Pls.' Br. in Supp. of Mot. at 1. The process server reports: "Business closed. Empty. [A]ll is vacant." *See id.*, Ex. 1.

The United States Postal Service ("postal service") indicates, in response to a form submitted by Plaintiffs' counsel, that Defendant Fermezza Concrete, Inc. ("Fermezza") moved from the address on Starks Drive and left no forwarding address. *See id.* With respect to Defendant Grace Marshall ("Marshall"), the postal service indicates the it has no change of address order on file. *See id.* Plaintiffs inform the Court that an internet search for individuals named Grace Marshall and Grace G. Marshall revealed numerous individuals at various addresses, including at least eight individuals within Michigan. *See id.* & Ex. 3. Plaintiffs argue that it would be unreasonable and inconvenient to mail or serve all of these individuals. *See id.* at 1-2.

Pursuant to Michigan Court Rule 2.105(I), a court may order alternate service upon "a showing that service of process cannot reasonably be made as provided by this

rule, . . ."  MCR 2.105(I)(1).  Michigan Court Rule 2.106 provides that alternate service

may be made by publication "in a newspaper in the county where the defendant resides, if

known, and if not, in the county where the action is pending" or by posting.  MCR

2.106(D) & (E).  The term "newspaper" is defined in Michigan Court Rule 2.106(F) as

follows:

> . . . a newspaper published in the English language for the
> dissemination of general news and information or for the
> dissemination of legal news.  The newspaper must have a
> bona fide list of paying subscribers or have been published at
> least once a week in the same community without interruption
> for at least 2 years, and have been established, published, and
> circulated at least once a week without interruption for at least
> 1 year in the county where publication is to occur.

  MCR 2.106(F)(1).  If the plaintiff knows the present or last known address of the

defendant or can ascertain it after diligent inquiry, Michigan Court Rule 2.106 also

requires the plaintiff to send the defendant a copy of the order permitting alternative

service via registered mail, return receipt requested.  MCR 2.106(D)(2) & (E)(2).  The

court must determine when it rules on the plaintiff's motion whether mailing is required.

Additionally, Michigan Court Rule 2.106 lists specific information that must be included

in the order directing alternative service.  MCR 2.106(C).

    This Court believes that Plaintiffs have satisfied the requirements of Michigan

Court Rule 2.105(I).  While Plaintiffs' process server only attempted to serve Defendants

on one occasion, based on the information obtained from the postal service, it appears that

any additional attempts to locate Marshall, and therefore Fermezza, at the Starks Drive

3

address would prove unsuccessful.  Accordingly, the Court grants Plaintiffs' motion for alternate service and directs that service shall be by publication in the Detroit Legal News, mailing pursuant to Michigan Court Rule 2.106(D)(2), **and** posting at Defendants' last known address.

**SO ORDERED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copy to:
Michael A. Novara, Esq.